IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

LARRY ROSS and
PATRICIA CLARK,

    Plaintiffs,

v.                                                                       No. 09-cv-1098

STATE OF TENNESSEE, DEBORAH
MARTIN, TREY PHILLIPS, and
JOE BARTLETT,

    Defendants.
_____

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
_____

    Before the Court is the May 26, 2009 two-part motion of Defendants State of Tennessee (the "State"), Joe Bartlett, Deborah Martin, and Trey Phillips. (Docket Entry ("D.E") No. 6.) The State, as well as Bartlett, Martin, and Phillips in their official capacities, move to dismiss Plaintiffs' claims against them on the grounds that they are immune to claims for money damages under the Eleventh Amendment to the United States Constitution. (Id.) The State, Bartlett and Martin in their official and individual capacities, and Phillips in his official capacity, also move to dismiss Plaintiffs' claims for injunctive relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Id.)

    In their response, the Plaintiffs, Larry Ross and Patricia Clark, acknowledge that their claims for monetary damages against the State and individual Defendants in their official capacities cannot stand. (D.E. No. 26, Response to Motion to Dismiss, p. 1.)  Accordingly, those claims are DISMISSED. However, Plaintiffs maintain that they have stated a valid claim for injunctive relief. (Id.) Thus, the remainder of the Court's Order will address only the request for

dismissal of the claims for injunctive relief.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint need not necessarily be pleaded with "detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citations omitted). Factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." Id. at 555-56 (citations omitted). The key inquiry is whether the facts in the complaint set out "a claim to relief that is plausible on its face." Id. at 570; *see also* Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009).

In Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the United States Supreme Court explained that analysis under Rule 12(b)(6) requires a two-pronged approach. First, the reviewing court should determine which allegations in the complaint can be classified as "legal conclusions" and disregard them for purposes of deciding the motion. Ashcroft, 129 S. Ct. at 1949. Second, the court should evaluate the remaining portions of the complaint—i.e. the well-pleaded facts—and ascertain whether they give rise to a "plausible suggestion" of a claim. Id. at 1950. The court "must accept as true all of the factual allegations contained in the complaint," and "a well-pleaded complaint may proceed even if it strikes a

2

savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.' " Erickson v. Pardus, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); Twombly, 550 U.S. at 556 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

Under Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 2d 714 (1908), the Eleventh Amendment permits suits against state officials in their official capacities for prospective injunctive relief in order to ensure the enforcement of federal law. Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437, 124 S. Ct. 899, 157 L. Ed. 2d 855 (2004); Ex Parte Young, 209 U.S. at 155-56; League of Women Voters of Ohio v. Brunner, 548 F.3d 463, 474 (6th Cir. 2008). "In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Md., Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 645, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002) (internal citations and quotation marks omitted). "The focus of the inquiry remains on the allegations only; it 'does not include an analysis of the merits of the claim.' " Brunner, 548 F.3d at 474 (quoting Verizon Md., Inc., 535 U.S. at 646). Complaints "based entirely upon past acts and not continuing conduct that, if stopped, would provide a remedy to [the plaintiff]" do not implicate the doctrine. Gean v. Hattaway, 330 F.3d 758, 776 (6th Cir. 2003); *see also* S & M Brands, Inc., 527 F.3d at 508 (the exception does not extend to retroactive relief). "[S]uits

against the state fisc seeking restitution for past damages are barred by the Eleventh Amendment." Gean, 330 F.3d at 777.

In their prayer for relief, the Plaintiffs seek injunctive relief in the form of an order "preventing the State of Tennessee from seizing and holding property based upon misdemeanor or paraphernalia." (D.E. No. 1, Complaint, pp. 5-6.)  However, the Court need not decide whether this desire for injunctive relief fits within the *Ex Parte Young* exception because Plaintiffs do not have standing to seek such relief.

"It goes without saying" that in order to invoke the jurisdiction of the federal courts, a plaintiff "must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) (citations omitted). The "irreducible constitutional minimum of standing" consists of three requirements:

> [1] injury in fact, [2] causation, and [3] redressability. "Injury in fact" is a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical. "Causation" is a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. "Redressability" is a likelihood that the requested relief will redress the alleged injury. This "irreducible constitutional minimum" applies to every claim sought to be litigated in federal court.

American Civil Liberties Union v. National Sec. Agency, 493 F.3d 644, 659 (6th Cir. 2007) (internal citations and quotation marks omitted). "The party seeking to invoke federal jurisdiction bears the burden to demonstrate standing and he must plead its components with specificity." Daubenmire v. City of Columbus, 507 F.3d 383, 388 (6th Cir. 2007) (internal citations and quotation marks omitted).

With respect to injunctive relief, the United States Supreme Court has made clear that a plaintiff is not entitled to injunctive relief, "[a]bsent a sufficient likelihood that he will again be wronged in a similar way. . . .." Lyons, 461 U.S. at 111. In other words, a plaintiff must demonstrate a non-speculative threat that "he will again experience injury as a result" of the defendants' allegedly illegal conduct. Id. at 109. In the present case, there is no issue as to causation—it seems clear that the Defendants were the ones who allegedly committed the acts of which Plaintiffs complain—but the Plaintiffs have not proffered sufficient facts to demonstrate that they are under an imminent threat to again suffer any concrete injury-in-fact; nor have they established that an injunction would redress the wrongs that they allegedly have suffered.

As to injury-in-fact, the Plaintiffs do not allege that they face the threat of any imminent future harm. In their complaint, they claim that the Defendants "unlawfully seized and retained [Plaintiffs'] property"; that they "conspired to violate the Constitutional Rights [sic] of Plaintiffs by seeking to extort money for the return of the property"; that the State of Tennessee failed to "instruct, supervise, control, or discipline its employees"; and that the "policy makers of the State of Tennessee were deliberately indifferent to the rights of the Plaintiffs." (D.E. No. 1, Complaint, ¶ 1.) As a result, they claim that they were damaged by these actions because they were deprived of the enjoyment and use of their seized property, and because they had to spend time and money defending against the allegedly unlawful seizure. (Id. at ¶ 20.) However, there is no indication that any of these injuries are anything other than past harms, or that there is any danger that Plaintiffs will again suffer these harms in the future. The mere subjective fear or possibility that a plaintiff will again be subject to an illegal policy, without more, does not confer standing: "It is the reality of the threat of repeated injury that is relevant to the standing inquiry,

not the plaintiff's subjective apprehensions." Lyons, 461 U.S. at 107 n.8; *see also* Summers v. Earth Island Institute, ___ U.S. ____, 129 S. Ct. 1142, 1150-51, 173 L. Ed. 2d 1 (2009) (noting that "vague" allegations of harms that may occur "some day" are insufficient to form the basis of injury-in-fact). Thus, the Plaintiffs have not demonstrated the requisite injury-in-fact to establish standing.

      Moreover, there is no indication that the proposed injunction would redress any of the wrongs Plaintiffs allegedly have suffered. The utility of an injunction is premised upon its ability to settle "some dispute *which affects the behavior of the defendant towards the plaintiff*." Hewitt v. Helms, 482 U.S. 755, 761, 107 S. Ct. 2672, 96 L. Ed. 2d 654 (1987) (emphasis in original). "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 107 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). While a plaintiff may "derive great comfort and joy from the fact . . . that a wrongdoer gets his just deserts, or that the Nation's laws are faithfully enforced, that psychic satisfaction is not an acceptable Article III remedy because it does not redress a cognizable Article III injury." Id. (citations omitted). Stated differently, "Article III standing ultimately turns on whether a plaintiff gets something (other than moral satisfaction) *if the plaintiff wins*." Drutis v. Rand McNally & Co., 499 F.3d 608, 612 (6th Cir. 2007) (emphasis in original).

      Plaintiffs ask the Court to enjoin the Defendants from "seizing and holding property based upon misdemeanor or paraphernalia," activities that the Plaintiffs claim run counter to the Defendants' internal policies. (D.E. No. 1, Complaint, pp. 5-6.) However, the complaint is devoid of any allegations that the injunction is necessary to prevent further harm from befalling

6

the Plaintiffs. Plaintiffs assert that the complaint alleges a pattern of conduct "by the State and its employees so as to seize, hold, and attempt to extort money from a person when the State, through its employees, knows it has no claim to the property." (D.E. No. 26, Response to Motion to Dismiss, p. 1.) Even accepting this as true, it has no probative value as far as demonstrating that the Plaintiffs *themselves* are currently being injured by this pattern of conduct, or that they will be again in the future. To be sure, they have alleged that this "pattern" injured them in the past, but they have not propounded any claims that would indicate that they will be injured in the future by the Defendants' activities, regardless of whether the Court enjoins such conduct. Thus, there is no evidence that the Defendants' conduct—even if it were to continue unabated—will affect the Plaintiffs in the future, so enjoining it likewise would have no effect on them. In short, they have not identified any harms that an injunction would redress, so for this reason also, they have failed to establish standing to seek an injunction.

Therefore, as against the State, Bartlett and Martin in their official and individual capacities, and Phillips in his official capacity, the Plaintiffs' claims for injunctive relief are hereby DISMISSED.

## CONCLUSION

For the reasons set forth herein, the Defendants' motion to dismiss is **GRANTED**. Plaintiffs' claims for monetary damages against the State and Bartlett, Martin, and Phillips in their official capacities are DISMISSED. Additionally, their claims for injunctive relief against the State, Bartlett and Martin in their official and individual capacities, and Phillips in his official capacity, are DISMISSED.

**IT IS SO ORDERED** this, the 26th day of February, 2010.

                                                  s/ J. DANIEL BREEN
                                                  UNITED STATES DISTRICT JUDGE